IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE GREEN, # 64374-054, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00907-MJR |
| | ) |
| J.S. WALTON, | ) |
| UNKNOWN PARTY 1, and | ) |
| UNKNOWN PARTY 2, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Andre Green, currently incarcerated at the United States Penitentiary in Marion, Illinois, brings suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680.  On April 25, 2013, an inmate driving an electric scaffold lift machine, under the direction of the facility's maintenance officer, ran over Green's foot.  Plaintiff has been in pain ever since.  Plaintiff has brought suit against the inmate worker, the maintenance supervisor, and the warden.  Plaintiff seeks compensatory damages and a consultation with an outside medical specialist.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

## The Claims

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials. *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz,* 374 U.S. 150 (1963)). An FTCA claim may be brought for:

> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)).

Under Illinois law, a plaintiff states a claim for negligence if he alleges "facts establishing the existence of a duty of care owed by the defendants to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Thompson v. Gordon,* 948 N.E.2d 39, 45 (Ill. 2011). Thus, as a general matter, the allegations in the compliant support a colorable FTCA claim, but that does not end the Court's review.

## The Defendants

Plaintiff has named as defendants Marion Warden J.S. Walton, an unknown facilities maintenance officer, and an unknown inmate facilities maintenance. In an action under the FTCA, the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, the United States must be substituted as the sole defendant, in place of Warden Walton and the two unidentified parties.[1] Although the Court could easily make the substitution of parties, the complaint has a fatal flaw.

---

[1] Whether FTCA liability lies for injuries caused by a fellow inmate is a question for another day.

**Administrative Remedies**

Administrative remedies must be exhausted *before* a prisoner brings an action with respect to "prison conditions" under any federal law. 42 U.S.C. § 1997e(a). "Prison conditions" has been interpreted broadly, so as to include individual torts. *See generally Johnson v. Litscher*, 260 F.3d 826 (7th Cir. 2001). Additionally, a plaintiff bringing an FTCA action must first present the claim to the federal agency responsible for the injury. *Palay,* 349 F.3d at 425. Under the Act:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court. Plaintiff explains that he is not in possession of all of his paperwork, but he asserts that he has exhausted the administrative process and is awaiting the final decision from General Counsel for the Bureau of Prisons (*see* Doc. 1, pp. 4,-5; Doc. 1-2, p. 1).

The fact that Plaintiff has not attached all of the relevant paperwork is not dispositive. The Court accepts as true his assertion that he has submitted his BP-11 claim to the Central Office. Although Plaintiff may have completed his part of the exhaustion process, administrative remedies have clearly not been exhausted because he is awaiting the final

decision. Until he receives that decision or the six month time period has elapsed, the administrative process has not concluded.

A plaintiff can plead himself out of court on the basis of what is usually an affirmative defense, such as a statute of limitations or exhaustion of administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004). Plaintiff Green has done just that. If a plaintiff fails to exhaust administrative remedies, the Court lacks subject matter jurisdiction over the FTCA claim. *McNeil v. United States,* 508 U.S. 106, 111 (1993); *Garcia v. Meza,* 235 F.3d 287, 290 (7th Cir. 2000).[2] Therefore, this action will be dismissed without prejudice.

## Disposition

For the reasons stated above, this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies. All Defendants are **DISMISSED** from this action with prejudice, as they are not proper parties to an FTCA action.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Because Plaintiff admits that he is awaiting a final administrative ruling (apparently due September 30, 2013), the Court need not delve into whether the Bureau of Prisons' inmate administrative remedy process, 28 C .F.R. § 542.10 *et seq.*, can serve the same purpose as the FTCA remedies, 28 C.F.R. §§ 14.2(a), 14.9(a).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED:  September 25, 2013**

                                                               s/ *Michael J. Reagan*
                                                              **MICHAEL J. REAGAN**
                                                              **UNITED STATES DISTRICT JUDGE**